UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **LAKEISHA ANDERSON** | **CIVIL ACTION** |
| **VERSUS** | |
| | **NO. 18-13-SDD-RLB** |
| **SWIFT TRANSPORTATION COMPANY OF ARIZONA, LLC, ET AL.** | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on June 4, 2018.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **LAKEISHA ANDERSON** | **CIVIL ACTION** |
| **VERSUS** | |
| **SWIFT TRANSPORTATION COMPANY OF ARIZONA, LLC, ET AL.** | **NO. 18-13-SDD-RLB** |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion to Remand (R. Doc. 9) filed on February 2, 2018. The motion is opposed. (R. Doc. 12). Plaintiff filed a reply. (R. Doc. 16).

**I.    Background**

On or about December 6, 2017, Lakeisha Anderson ("Plaintiff") initiated this personal injury action in the 18th Judicial District Court, Iberville Parish, Louisiana, naming as defendants Swift Transportation Company of Arizona, LLC ("Swift") and Cordell Cornelius Harris (collectively, "Defendants"), as well as the fictitious entity ABC Insurance Company. (R. Doc. 1-1 at 5-8, "Petition").  Plaintiff alleges that on or about December 7, 2016, she was involved in an accident between a commercial truck operated by Plaintiff and owned by her employer, and a commercial truck operated by Mr. Harris and owned by Swift. (Petition ¶ 3).  Plaintiff alleges that as a result of the collision, she "sustained bodily injuries that required medical attention and treatment by a physician." (Petition ¶ 6).  Plaintiff, who did not specify the injuries that she sustained, seeks recovery of "general and special damages." (Petition ¶ 10).

On January 2, 2018, defense counsel attempted to contract Plaintiff's counsel "to discuss [Plaintiff's] injury and her treatment status, and more specifically whether [Plaintiff's counsel] believe her claim exceeds $75,000.00 exclusive of interest and costs." (R. Doc. 12-1 at 1).

1

On January 8, 2018, Defendants removed this action on the basis that this Court has diversity jurisdiction over the action pursuant to 28 U.S.C. § 1332. (R. Doc. 1). In support of a finding that the amount in controversy requirement is satisfied, Defendants rely upon Plaintiff's allegations in the Petition (including the lack of any allegation providing a lack of federal jurisdiction), Plaintiff's failure to enter into a binding stipulation regarding the amount of damages, and defense counsel's failure to reach Plaintiff's counsel to discuss the amount of damages. (R. Doc. 1 at 4-5).

On January 11, 2018, Defendant propounded interrogatories and requests for production on Plaintiff. (R. Doc. 12-1).

On February 2, 2018, Defendant propounded requests for admission pertaining to the amount in controversy. (R. Doc. 12-1 at 26-29). Plaintiff filed the instant Motion to Remand the same day. (R. Doc. 12).

## II. Arguments of the Parties

In support of remand, Plaintiff argues that it is not facially apparent from the Petition that the amount in controversy requirement is satisfied. (R. Doc. 9-1). Plaintiff specifically argues that Defendants have not met their burden of establishing the amount in controversy because the Petition does not specific types of injuries supporting a finding that the amount in controversy is met, and Plaintiff is not required by law to stipulate to a specific amount in damages. (R. Doc. 9-1 at 4-7). Plaintiff seeks recovery of $1,250 in fees pursuant to 28 U.S.C. § 1447(c) for having to respond to the removal. (R. Doc. 9-1 at 7-8).

In opposition, Defendants stand by their bases for removal in the Notice of Removal, and further argue that the imposition of costs and attorney's fees is unwarranted because defense counsel attempted to contact Plaintiff's counsel prior to removal. (R. Doc. 12). Defendants

further rely on the discovery requests propounded after removal in support of a finding that the amount in controversy requirement is satisfied, requesting that "the Court's ruling on the Motion to Remand should be held in abeyance until Plaintiff has provided Initial Disclosures and satisfactory responses to the discovery requests." (R. Doc. 12 at 5-6).

In reply, Plaintiff emphasizes that the Defendants have not presented any evidence to support their conclusion that the amount in controversy requirement is satisfied. (R. Doc. 16).

### III.   Law and Analysis

#### A.   Legal Standards

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).  When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1).  Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed").  Remand is proper if at any time the court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c).

If removal is sought on the basis of diversity jurisdiction, then "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2).  If, however, the "State practice . . . permits the recovery of damages in excess of the amount demanded," removal is proper "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]." 28 U.S.C. § 1446(c)(2)(A)(ii)-(B).  In Louisiana state court, plaintiffs are generally prohibited from alleging a specific monetary

3

amount of damages sought in their petitions, and are required to state whether there is a "lack of jurisdiction of federal courts due to insufficiency of damages." La. Code Civ. P. art. 893(A)(1).

The burden of proof is on the removing defendant to establish that the amount in controversy has been satisfied. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). The defendant may make this showing by either (1) demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) setting forth facts in controversy that support a finding of the jurisdictional minimum. *Id*. If the defendant can produce evidence sufficient to show by a preponderance that the amount in controversy exceeds the jurisdictional threshold, the plaintiff can defeat diversity jurisdiction only by showing to a legal certainty that the amount in controversy does not exceed $75,000. *See*, *e.g.*, *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 869 (5th Cir. 2002); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

"Federal courts are courts of limited jurisdiction [and] possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007); *see also Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) ("Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand."); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) ("We must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum.").

4

B.     Analysis

There is no dispute that there is complete diversity of citizenship.[1] The only issue before the Court is whether the amount in controversy is facially apparent, and if not, whether the ambiguity regarding the amount in controversy has been resolved.

Plaintiff seeks recovery for alleged personal injuries related to a motor vehicle accident involving two commercial trucks. Plaintiff does not seek damages related to the truck she was operating. Plaintiff seeks recovery of "sustained bodily injuries that required medical attention and treatment by a physician," including all "general and special damages." (Petition ¶¶ 6, 10). Plaintiff does not allege the severity of the collision or the nature of her physical injuries resulting from the collision. Plaintiff does not state whether she incurred medical and drug expenses, and does not identify the scope of the medical treatment she received or continues to receive as a result of the accident. Similarly, Plaintiff does not identify the extent of any wages allegedly lost.

"Courts have routinely held that pleading general categories of damages, such as 'pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.,' without any indication of the amount of the damages sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the 'facially apparent' test." *See Davis v. JK & T Wings, Inc.*, No. 11-501, 2012 WL 278728, at *3 (M.D. La. Jan. 6, 2012) (citing *Alderdice v. Lowe's Home Centers, Inc.*, 2010 WL 371027 (M.D. La. Jan. 29, 2010); *Nelson v. Wal–Mart Stores, Inc.*, 2009 WL 1098905 (W.D. La. Apr. 22, 2009), and numerous cases cited therein, *Fontenot v. Granite State Ins. Co.*, 2008 WL

---

[1] Defendants allege that Plaintiff is a citizen of Louisiana, Mr. Harris is a citizen of Mississippi, Swift is a citizen of Arizona, and the citizenship of the fictitious entity ABC Insurance Company should be ignored. (R. Doc. 10).

5

4822283 (W.D. La. Nov. 3, 2008); and *Bonck v. Marriot Hotels, Inc.*, 2002 WL 31890932 (E.D. La. Dec. 30, 2002)), *report and recommendation adopted*, 2012 WL 278685 (M.D. La. Jan. 31, 2012). "When, as in the instant case, the petition is vague regarding the types of injuries incurred and any future problems resulting from the incident, 'the court must conclude that it was not 'facially apparent' that the amount of damages would exceed $75,000.'" *Dunomes v. Trinity Marine Products, Inc.*, No. 14-1968, 2014 WL 7240158, at *4 (E.D. La. Dec. 19, 2014) (quoting *Broadway v. Wal-Mart Stores,* No. 00-1893, 2000 WL 1560167, at *2 (E.D. La. Oct. 18, 2000)).

The Petition does not provide sufficient facts for determining the severity of Plaintiff's injuries. Other than broadly stating that she is seeking to recover "general and special damages," Plaintiff does not even allege the various broad categories of damages commonly alleged in personal injury actions, including lost wages. Plaintiff does not allege the specific nature of her physical injuries or the treatment she sought or received. Plaintiff's vague allegation that she "sustained bodily injuries that required medical attention and treatment by a physician" indicates little more than potential soft tissue damage. There is no allegation that Plaintiff has suffered fractures or other wounds that would require immediate medical attention. In the absence of additional factual assertions by Plaintiff regarding the extent or nature of the actual physical injuries suffered, the Petition does not provide enough information for the court to conclude that the amount in controversy is facially apparent. *See Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999).

Defendants argue that Plaintiff's failure to allege the lack of federal jurisdiction in light of the insufficiency of damages, as well as Plaintiff's failure to enter into a pre-removal stipulation regarding the amount in controversy, demonstrates that the amount in controversy requirement is satisfied. These arguments have no merit.

6

Although Louisiana Code of Civil Procedure article 893(A) prohibits plaintiffs from specifying an amount of damages in a petition filed in Louisiana court, it expressly requires plaintiffs to generally allege, if applicable, that the damages sought are sufficient to qualify for the right to a jury trial or to establish federal jurisdiction.[2] Plaintiff's failure to include any allegations regarding the amount in controversy to support federal jurisdiction is not dispositive. *See Weber v. Stevenson*, No. 07-595, 2007 WL 4441261 (M.D. La. Dec. 14, 2007) ("[T]he plaintiffs' failure to follow La. C.C.P. art. 893(A)(1)'s mandate, while entitled to some consideration, in and of itself is not determinative of the amount in controversy. There is so little information in the petition upon which to estimate the actual amount in controversy, a finding that the failure to include the "893" allegation resulted in the satisfaction of the jurisdictional minimum would be tantamount to finding that subject matter jurisdiction may obtain from a procedural omission, which is unsupportable."). Similarly, that Plaintiff did not submit a pre-removal stipulation that the amount in controversy requirement is not satisfied is insufficient, without more, to support a finding that the amount in controversy is facially apparent. *See Lowe v. State Farm Fire & Cas. Co.*, No. 07-7454, 2008 WL 906311 (E.D. La. Apr. 2, 2008) ("Plaintiffs' failure to [submit a pre-removal binding stipulation] does not relieve the removing party of its burden to establish that the jurisdictional minimum is satisfied. In this case [the defendant] has not met its burden.").

---

[2] "No specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand. The prayer for relief shall be for such damages as are reasonable in the premises except that if a specific amount of damages is necessary to establish the jurisdiction of the court, the right to a jury trial, the lack of jurisdiction of federal courts due to insufficiency of damages, or for other purposes, a general allegation that the claim exceeds or is less than the requisite amount is required. By interrogatory, an opposing party may seek specification of the amount sought as damages, and the response may thereafter be supplemented as appropriate." La. C. Civ. P. art. 893(A)(1).

The Petition also does not allege that Plaintiff is seeking a jury trial. This suggests that Plaintiff believes her claims to be less than $50,000, which is the threshold for a right to a jury trial in Louisiana. *See* La. C.C.P. Art. 1732. Even if Plaintiff had requested a jury, given the vague injuries and categorical damages alleged in the Petition, the court would give little weight to that request in establishing the amount in controversy. *See Brown v. Richard*, No. 00-cv-1982, 2000 WL 1653835, at *4 (E.D. La. Nov. 2, 2000) ("jury demand for state court can be a factor in determining whether the amount in controversy requirement for federal jurisdiction is satisfied" but alone is not controlling to satisfy the jurisdictional requirement).

In the absence of additional factual assertions by Plaintiff regarding the extent or nature of the actual physical injuries suffered, the Petition does not provide enough information for the court to conclude that the amount in controversy is facially apparent. *See Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999). The Court will, therefore, turn to whether Sate Farm has set forth facts in controversy that support a finding that the amount in controversy requirement is satisfied.

Defendants have provided no summary judgment type evidence in support of its removal indicating that the amount in controversy requirement is satisfied. Indeed, the record indicates that Defendants formally sought discovery regarding Plaintiff's injuries only after the removal of the action.[3] The Court will not sanction such tactics. Given that it was not facially apparent

---

[3] Defendants freely represent that after removal they served interrogatories on Plaintiff "prior to" the parties' Rule 26(f) conference. (R. Doc. 12 at 2). Such discovery is generally prohibited by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order."). Furthermore, Plaintiff did not have a duty to respond to requests for production served prior to a Rule 26(f) conference until 30 days after the Rule 26(f) conference. *See* Fed. R. Civ. P. 26(d)(2)(B). It also appears that Defendant served the February 2, 2018 requests for admissions prior to holding a Rule 26(f) conference. The record indicates that the parties did not hold a Rule 26(f) conference before February 15, 2018. (R. Doc. 12-1 at 30).

8

from the Petition that the amount in controversy requirement was satisfied, the 30-day deadline to remove is not triggered until "it may first be ascertained that the case is one which is or has become removable." Fed. R. Civ. P. 26(d)(2)(B)(3); *see Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002) (stating that the statutory term "ascertained" means "unequivocally clear and certain"). Defendants should have conducted discovery in state court, and only removed the action upon the discovery of information from which it could be ascertained that the amount in controversy requirement is satisfied.

For the foregoing reasons, Defendants have not met their burden of proving that the amount in controversy requirement is satisfied.

### C. Plaintiff's Request for Costs and Expenses

Plaintiff requests from Defendants "an award of costs and fees" pursuant to 28 U.S.C. § 1447(c). (R. Doc. 9-1 at 7-8). Plaintiff seeks to recover "an award for costs and attorney's fees at the [defense counsels'] hourly rate or $250.00 an hour, whichever is greater, for five (5) hours, for having to respond to the defendants' frivolous removal." (R. Doc. 9-1 at 8)

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The award of costs and expenses under § 1447(c) is discretionary and should only be awarded where the removing party "lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corporation*, 546 U.S. 132, 141 (2005). The court must consider the propriety of the removing party's actions at the time of removal, based on an objective view of the legal and factual elements in each particular case, irrespective of the fact that it was ultimately determined that removal was improper. *Id.*; *Avitts v. Amoco Prod. Co.*, 111 F.3d 30, 32 (5th Cir. 1997), *cert. denied*, 522 U.S. 977 (1997); *Miranti v. Lee*, 3 F.3d 925, 928-29 (5th Cir. 1993). To be subject

9

to an award of attorney's fees under § 1447(c), a defendant must have played a role in the decision to remove. *Avitts*, 111 F.3d at 32.

Defendants removed this action within one month of service based solely on the allegations in the Petition. The Petition is devoid of allegations that would support a finding that the amount in controversy is facially apparent. The record indicates that Defendants did not conduct any formal discovery prior to removal regarding the amount in controversy requirement. There is no indication in the record that Defendants requested a binding stipulation prior to removal, and Plaintiff refused to enter into such a stipulation. Instead, Defendants simply state that Plaintiff did not unilaterally provide such a stipulation. (R. Doc. 1 at 4). Finally, Defendants made no effort to oppose Plaintiff's motion to remand by providing summary judgment type evidence, such as medical records or medical expenses invoices, supporting a finding that the amount in controversy requirement was satisfied.

It is clear that Defendants removed this action without any objectively reasonable basis for removal. To the extent Defendants prophylactically removed this action in light of 28 U.S.C. § 1446(b)(1), which requires removal of an action within 30 days after the receipt by a defendant "of the initial pleading setting forth the claim for relief upon which such action or proceeding is based," such a removal was improvident. The Fifth Circuit has made it clear that "the thirty-day removal period under the first paragraph is triggered only where the initial pleading '*affirmatively reveals on its face* that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court.'" *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 399 (5th Cir. 2013) (quoting *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992) (emphasis added by *Mumfrey*)). This bright-line rule prevents "courts from expending copious

time determining what a defendant should have known or have been able to ascertain at the time of the initial pleading" and is designed to prevent premature removals. *Id*.

A review of the record, including the motion to remand, suggests that Plaintiff is entitled to recover, pursuant to 28 U.S.C. § 1447(c), costs and expenses, including attorney's fees, incurred as a result of the removal in the amount of $750.[4]

## IV.     Conclusion

For the foregoing reasons, the Court does not have subject matter jurisdiction under 28 U.S.C. § 1332(a) because the amount in controversy requirement has not been satisfied.

**IT IS RECOMMENDED** that Plaintiff's Motion to Remand (R. Doc. 9) be **GRANTED**, and the action be **REMANDED** to the 18th Judicial District Court, Iberville Parish, Louisiana.

**IT IS FURTHER RECOMMENDED** that pursuant to 28 U.S.C. § 1447(c), Defendants should be ordered to pay to Plaintiff costs and expenses incurred as a result of the removal in the amount of $750, within 14 days of the ruling on the motion to remand or within such time as the district judge may direct.

Signed in Baton Rouge, Louisiana, on June 4, 2018.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　／s／ Richard L. Bourgeois, Jr.
　　　　　　　　　　　　　　　　　　　　　　　　**RICHARD L. BOURGEOIS, JR.**
　　　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**

---

[4] Plaintiff requests, in the briefing, that an award for five hours at the defendants' hourly rate or $250 per hour, whichever is greater, is appropriate. No formal declaration was submitted, and no particular hourly rate or breakdown of expenses is provided. In addition, the signature block on the Motion to Remand lists six different attorneys. Based on the undersigned's review of the arguments raised and briefing, recovery of $750 is deemed appropriate.

11